**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3935

_____

UNITED STATES OF AMERICA

v.

BARBARA STANLEY,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:13-cr-00556-001)
District Judge: Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 7, 2016

Before:   McKEE, RESTREPO, *Circuit Judges*, and HORNAK,* *District Judge*

(Opinion Filed:  January 17, 2017)

_____

OPINION**

_____

MCKEE, *Circuit Judge*.

_____

* Hon. Mark R. Hornak, District Judge for the United States Court for the Western
District of Pennsylvania, sitting by designation.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Barbara Stanley appeals the District Court's sentence of 36 months' incarceration imposed for her conviction on several counts of fraud, conversion, and making false statements. For the reasons that follow, we will affirm the sentence.[1]

## I.

Stanley asserts both procedural and substantive challenges to the District Court's sentence, arguing that the District Court (1) failed to address all of her properly presented sentencing arguments and (2) imposed a substantively unreasonable above-Guidelines sentence without providing adequate explanation to justify the upward variance. Each challenge is governed by a different standard of review, which we address in turn.

## II.

"[I]n a criminal prosecution, unless a relevant objection has been made earlier, a party must object to a procedural error after the sentence is pronounced in order to preserve the error and avoid plain error review."[2] Here, Stanley did not object to claim any procedural error after the District Court pronounced its sentence, and we will therefore review only for plain error. "An error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'"[3]

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.
[2] *U.S. v. Flores-Mejia*, 759 F.3d 253, 258 (3d Cir. 2014).
[3] *Id*. at 259 (quoting *U.S. v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)).

Stanley argues that the District Court failed to respond to the properly presented sentencing arguments she included in her sentencing memorandum, as required by *United States v. Ausburn*,[4] and that this procedural error requires remand. Her argument is contradicted by the record.

Though the District Court did not explicitly recite each point defense counsel included in her sentencing memorandum, the record shows that the District Court considered Stanley's arguments in deciding her sentence.[5] During the sentencing hearing, defense counsel chose to adopt the arguments made in her written memorandum, rather than repeat them during her oral presentation. In response, the District Court asked defense counsel a question about a particular argument and cited the page number of counsel's sentencing memorandum the court was referring to.[6] Accordingly, the record shows that the Court had carefully reviewed defense counsel's sentencing memorandum. Indeed, after a brief discussion, the District Court clarified that "[t]hat was the only question I had. I read everything else you submitted."[7] Additionally, before pronouncing its sentence, the District Court reiterated that it had "considered everything in [defense

---

[4] 502 F.3d 313 (3d Cir. 2007) (stating that "the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis").

[5] *U.S. v. Quiles*, 618 F.3d 383 (3d Cir. 2010) ("A sentencing court need not analyze explicitly every argument that a defendant puts forward.").

[6] "You say, I think you say it a couple of times, but you say it on page 19. The guideline does not take into consideration that the total amount of loss was incurred over at least five years, nor does it take into consideration that her offense was not motivated by greed. How do you define greed?" Sentencing Transcript, App. at 70.

[7] *Id*. at 70.

counsel's] brief," and then broadly summarized the arguments in Stanley's sentencing memorandum (i.e. "brief"), without objection or correction by defense counsel.[8] It is therefore clear that the District Court did not commit any procedural error here, let alone any plain error.

### III.

Stanley also argues that the District Court imposed a substantively unreasonable above-Guidelines sentence without providing an adequate explanation. We review that claim for an abuse of discretion. A court abuses its discretion when its actions are unreasonable or violate the law. "The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."[9] This inquiry is "highly deferential,"[10] and we will affirm a district court's procedurally sound sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[11]

Stanley claims that the District Court failed to differentiate her circumstances from other defendants and that the record, taken as a whole, shows that the District Court was predisposed against her and did not rationally and meaningfully consider all of the statutory sentencing factors when calculating her sentence.

---

[8] *Id*. at 85–86.
[9] *U.S. v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (quoting *U.S. v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).
[10] *U.S. v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007).
[11] *U.S. v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

4

This argument is also contradicted by the record. The Court's careful consideration of the sentencing factors spans over five pages of the hearing transcript. Moreover, the District Court explained the factors that led to its determination that an upward deviation was appropriate in this case. These included: the nature of Stanley's multi-year scheme in which she continually lied to government officials and her own doctor, Stanley's lack of remorse, and the need to deter others and protect a government program that relies largely on trust. Though the District Court considered each of the relevant § 3553(a) factors, it made clear that these three findings were the driving force behind its sentence. On this record, there is no way that we can now conclude that "no reasonable sentencing court" would have imposed this sentence. Rather, it is clear that the sentence was substantively reasonable.

**IV.**

For the reasons set forth above, we will affirm the District Court's sentence.